**Charles M. EMORY, Jr., and Johnnie K. Emory, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 73-1547.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 12, 1973.

Decided Jan. 10, 1974.

Perry Shields, Knoxville, Tenn., on brief, for plaintiffs-appellants.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Crombie J. D. Garrett, Murray S. Horwitz, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief, for defendant-appellee; John L. Bowers, Jr., U. S. Atty., of counsel.

Before EDWARDS, CELEBREZZE and MILLER, Circuit Judges.

### PER CURIAM.

This is an appeal from the denial of a tax refund sought by taxpayers in a suit in the United States District Court for the Eastern District of Tennessee. The years in question are 1965, 1966 and 1967, and the income (in the amount of $49,515.78) which the Commissioner had required to be taxed to appellants represented 25% of the profits of a construction business which had been operated as a partnership between Charles Emory and David Richards, until Richards' death in 1964.

A written agreement between the partners provided for the exact terms under which the estate of the partner who died first would be reimbursed for his interest. The agreement was drafted in 1952 prior to the adoption of I.R. C. § 736 (26 U.S.C. § 736 (1970)). Quite ambiguously, the agreement refers both to dissolution of the partnership and to the sale and purchase of the deceased partner's interest.

The legal question in the case is whether, as found by the Commissioner and by District Judge Taylor, I.R.C. § 741 (26 U.S.C. § 741 (1970)) requires recognition of income received by the surviving partner and paid by him to the deceased partner's estate. On the other hand appellant argues I.R.C. § 736 allows such income to be taxed to the decedent's estate if payments were made in liquidation of the partnership.

Judge Taylor's analysis of what actually occurred recognized the ambiguity of the language employed in the agreement, but planted decision primarily upon the nature of the consideration paid:

> Although the economic and legal results may be the same, there is a fundamental difference between a sale and a liquidation. A sale is a bilateral act of parties acting at arms' length which concludes with a property exchange. Inherent in a sale is a fixed or readily ascertainable amount of money, which is traded for something of value. In contrast, a liquidation is the process of reducing assets to cash, discharging liabilities and dividing surplus or loss. If the business continues, surplus or loss is determined by an accounting; and, the remaining partners pay the withdrawing partners for their interests. Thus, in a liquidation the amount received is contingent on the financial condition of the business at the time of dissolution. It is not a fixed sum or formula. By this test the partnership agreement in the instant case was a sale. 73–1 U.S.Tax Cas. ¶ 9148 (E.D.Tenn.1972). (Footnote omitted.)

On this basis, clearly § 741 would apply.

Since we believe that the quoted rationale is an entirely proper deduction from the facts and represents a sound statement of law, the judgment of the District Court is affirmed.